IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SILAS MARTIN, #145609, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:26-cv-259-BL |
| JOHN HAMM, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, an inmate proceeding *pro se*, initiated this action by filing a Complaint on this Court's standard form routinely used by inmates to file a lawsuit under 42 U.S.C. § 1983. (Doc. 1). The Plaintiff did not pay the requisite filing and administrative fees upon initiating this action and instead filed a motion to proceed *in forma pauperis*. (Doc. 3). For the reasons explained below, the Plaintiff's motion to proceed *in forma pauperis* will be **DENIED** and this case will be **DISMISSED** without prejudice because the Plaintiff has accumulated at least three strikes under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act ("PLRA") imposes specific restrictions on civil rights lawsuits filed by inmates in federal court. One key restriction is known as the "three strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The purpose of this provision is "to curtail abusive prisoner litigation."  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("By taking away the privilege of proceeding in forma pauperis from prisoners who have struck out, the rule is 'designed to filter out the bad claims and facilitate consideration of the good.'" (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

Under this provision, if a prisoner has three or more qualifying dismissals, or "strikes," and fails to pay the required filing fee at the time a new complaint is filed, the Court must dismiss the case without prejudice.  *See id*.  As the Eleventh Circuit explained in *Dupree*, the three-striker cannot cure such failure by paying the filing fee after the complaint has been filed:

> [W]e conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).  The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status.  He must pay the filing fee at the time he initiates the suit.

*Id*. at 1236; *accord Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

2

The Plaintiff has filed countless civil actions while incarcerated or detained and has accumulated at least three strikes under § 1915(g).[1]  *See, e.g.*, *Martin v. Roberson*, No. 3:20-cv-630-MHT-CSC (M.D. Ala. 2020) (dismissed because Martin had accumulated three strikes and failed to pay the full filing and administrative fees upon initiation of the case); *Martin v. Treese, et al.*, No. 3:16-cv-377-WHA-SRW (M.D. Ala. 2016) (dismissed because Martin had accumulated three strikes and failed to pay the full filing and administrative fees upon initiation of the case); *Martin v. Auburn Police Dep't, et al.*, No. 3:15-cv-307-MHT-SRW (M.D. Ala. 2015) (dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii)); *Martin v. Pickett, et al.*, No. 3:08-cv-511-TMH-SRW (M.D. Ala. 2008) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)); *Martin v. Hulett, et al.*, No. 06-10864-E (11th Cir. 2006) (appeal dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)).[2]

Because the Plaintiff has accrued at least three strikes under § 1915(g), he cannot proceed *in forma pauperis* in this case unless he demonstrates that he was "in imminent danger 'at the time that he s[ought] to file his suit in district court.'" *Daker*, 999 F.3d at 1310–11 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93

---

[1] "A court may take judicial notice of its own records and the records of inferior courts." *United States v. Glover*, 179 F.3d 1300, 1303 n.5 (11th Cir. 1999) (citation and internal quotations marks omitted).  Moreover, the final dispositions of a prisoner's prior federal lawsuits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

[2] The provided list of the Plaintiff's strikes may not be exhaustive.

(11th Cir. 1999)). Allegations of past harm do not satisfy the requirements of the statutory exception. *Id*.; *see also id*. at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient."). Additionally, generalized assertions lacking specific fact allegations to demonstrate that serious physical injury is imminent are insufficient to trigger the exception under § 1915(g). *Id*.; *see also Daker*, 999 F.3d at 1311 (holding that "[g]eneral assertions . . . are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'") (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). In assessing whether a prisoner has shown "imminent danger of serious physical injury" under § 1915(g), the Court considers a complaint in its entirety, "construing it liberally and accepting its allegations as true." *Daker*, 999 F.3d at 1311 (quoting *Brown*, 387 F.3d at 1350).

The Complaint alleges that, on March 24, 2025, following a CT scan, a radiologist informed the Plaintiff that he is "bleeding on his brain." (Doc. 1 at 3). The Plaintiff states, without any further factual detail whatsoever, that he is "being denied treatment." (*Id*.). As relief, he does not seek medical treatment, but rather $2,000,000 in damages as well as an order directing "John Hamm (a white man, or the white supremacy of Alabama) to release Plaintiff (a black man, a descendant of

slaves) from prison" and to "stop killing black people (non-citizens of America) inside the white man's prisons without a righteous cause." (*Id*. at 4).

The Complaint contains only generalized assertions and wholly lacks specific fact allegations demonstrating that serious physical injury is imminent. Indeed, the Plaintiff did not file the Complaint until more than a year after he was allegedly told he had "bleeding on his brain"; he fails to assert what treatment he was allegedly denied, when, and by whom; and he has been transferred from the correctional facility in which the alleged constitutional violation took place. (*See generally* Doc. 1). *See also Daker*, 999 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient."). Thus, the Court finds that the Complaint, as a whole, fails to trigger the imminent danger exception to the three-strikes provision, and this action must be dismissed under 28 U.S.C. § 1915(g).

Accordingly, based on the foregoing, it is **ORDERED** as follows:

(1)     The motion to proceed *in forma pauperis* (doc. 3) is **DENIED**.

(2)     This case is **DISMISSED** without prejudice under 28 U.S.C. § 1915(g).

Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 29th day of April, 2026.

_____
BILL LEWIS
UNITED STATES DISTRICT JUDGE

5